Long v Cushman & Wakefield, Inc. (2024 NY Slip Op 00166)

Long v Cushman & Wakefield, Inc.

2024 NY Slip Op 00166

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 153118/18, 595049/21, 595152/21 Appeal No. 627 Case No. 2022-03997 

[*1]Kylie Long, Plaintiff-Respondent,
v
Cushman & Wakefield, Inc., Defendant-Appellant, JRM Construction Management, LLC et al., Defendants. (And other Third-Party Actions.)

Kahana Feld LLP, New York (Christopher Theobalt of counsel), for appellant.
Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered August 15, 2022, which denied defendant Cushman & Wakefield, Inc.'s motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
Plaintiff tripped and fell on a chair in her cubicle, sustaining injuries, while getting up to activate the motion sensors that controlled the lighting that had gone off in her employer's office building. The court correctly determined that issues of fact existed as to whether defendant, which had contracted with plaintiff's employer to provide property management services, owed a duty of care to plaintiff (see Espinal v Melville Snow Contrs., Inc., 98 NY2d 136 [2002]). There were issues of fact as to whether plaintiff detrimentally relied on defendant's continued performance of its contractual duties, and whether defendant entirely displaced the employer's duty to maintain the premises safely (see id. at 140). Defendant's contention that plaintiff cannot claim detrimental reliance absent plaintiff's actual knowledge of the property management agreement between defendant and her employer is improperly raised for the first time on appeal and, in any event, unavailing in light of plaintiff's testimony, which raises an issue of fact as to her knowledge of the agreement.
Contrary to defendant's contention, the court properly considered whether the Espinal exceptions applied. Plaintiff's pleadings sufficiently apprised defendant that she was invoking the total displacement exception and, in any event, defendant raised the exception on its motion for summary judgment, precluding any claim of surprise or prejudice (see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]). While plaintiff did not plead detrimental reliance, defendant has not argued that it was prejudiced by plaintiff's late invocation of that exception in her opposition to defendant's summary judgment motion (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). The court implicitly determined that no issue of fact exists as to the first Espinal exception (that defendant launched a force or instrument of harm) and plaintiff did not cross-appeal from the court's order. In any event, evidence of defendant's alleged failure to fix the motion sensors is insufficient to raise an issue of fact as to whether defendant launched the instrument of harm that caused her accident (Skeete v Greyhound Lines, Inc., 209 AD3d 415, 416 [1st Dept 2022] ["a defendant who neglects to make the accident site 'safer — as opposed to less safe — than it was before' the defendant came upon the site is not liable pursuant to the Espinal exception"], quoting Church v Callanan Indus., 99 NY2d 104, 112 [2002]).
We decline defendant's invitation to search the record and grant it summary
judgment on its comparative negligence affirmative defense, which was raised for the first time on appeal.
The Decision and order of this Court entered
herein on September 26, 2023 is hereby [*2]recalled
and vacated (see M-2023-04679 decided simultaneously
herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024